UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VANESSA ELYSE SHERMAN, ) | No. CV 15-3197-PLA |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ACTING ) COMMISSIONER OF SOCIAL ) SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on April 29, 2015, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on June 2, 2015, and July 13, 2015. Pursuant to the Court's Order, the parties filed a Joint Stipulation on January 14, 2016, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

## II.

## BACKGROUND

Plaintiff was born on June 8, 1956. [Administrative Record ("AR") at 137, 148.] She has past relevant work experience as a fast food worker and as a cashier. [AR at 19, 42, 44.]

On April 17, 2012, plaintiff filed an application for a period of disability and DIB, and an application for SSI payments, alleging that she has been unable to work since October 1, 2011. [AR at 14, 137, 148.] After her applications were denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 14, 95-96.] A hearing was held on July 3, 2013, at which time plaintiff appeared without an attorney, and testified on her own behalf. [AR at 14, 23-46.] A vocational expert ("VE") also testified. [AR at 41-45.] On August 29, 2013, the ALJ issued a decision concluding that plaintiff was not under a disability from October 1, 2011, the alleged onset date, through August 29, 2013, the date of the decision. [AR at 14-19.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 10.] When the Appeals Council denied plaintiff's request for review on March 4, 2015 [AR at 1-6], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (citation and internal quotation marks omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's

decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citation omitted); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (citation and internal quotation marks omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.") (citation omitted).

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

**A.   THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id.

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. Id. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

### B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2011, the alleged onset date.[1] [AR at 16.] At step two, the ALJ concluded that plaintiff has the severe impairments of diabetes mellitus; hypertension; COPD; and left shoulder sprain. [Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listings. [AR at 17.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform

---

[1]   The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017. [AR at 16.]

[2]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149,
(continued...)

4

light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[3] except as follows:

> [N]o work on unprotected heights or on dangerous moving machinery; requires a clean air environment, a workplace free from dust, fumes and gasses; no temperature extremes; occasional stairs, ramps, stooping and bending; and occasional overhead lifting with the dominant hand.

[Id.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is able to perform her past relevant work as a fast food worker and as a cashier. Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of October 1, 2011, through August 29, 2013, the date of the decision. [AR at 19.]

## V.
## **THE ALJ'S DECISION**

**A.   PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred when he "considered the presence of past relevant work." [JS at 4.] As set forth below, the Court agrees with plaintiff and remands for further proceedings.

**B.   PAST RELEVANT WORK**

Plaintiff contends that the ALJ erred when he "considered the presence of past relevant work." [JS at 4.] Specifically, plaintiff contends that there is no evidence in the record that her earnings as a fast food worker or cashier rose to the level of substantial gainful activity and,

---

[2](...continued)
1151 n.2 (9th Cir. 2007) (citation omitted).

[3]   "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

therefore, constituted past relevant work. [JS at 6-7.] She notes that she "attained status as an individual of advanced age at the time that her disability began," and states that "if she has no past relevant work or cannot perform past relevant work, she prevails on her claim." [JS at 4-5 (citing AR at 47).]

A job may be considered past relevant work when it was done within the last 15 years, lasted long enough for the claimant to learn how to do it, and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.965(a). Substantial gainful activity means work that (a) involves doing significant and productive physical or mental duties; and (b) is done (or intended) for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. Work may be "substantial" even if it is done on a part-time basis or if the claimant does less, gets paid less, or has less responsibility than when working previously. 20 C.F.R. §§ 404.1572(a), 416.972(a); see also Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990) (approximately twenty-five hours a week may be substantial). "Earnings can be a presumptive, but not conclusive, sign of whether *a job* is substantial gainful activity." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (emphasis added). While plaintiff bears the burden of proving she is unable to perform her past relevant work, the ALJ in a social security case has an independent "'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). This duty extends to the represented as well as to the unrepresented claimant. Smolen, 80 F.3d at 1288; see Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003). However, when the claimant is not represented by counsel, "this responsibility is heightened." Celaya, 332 F.3d at 1183 (citation omitted).

Here, based on the testimony of the VE, the ALJ found that plaintiff's work as a fast food worker and as a cashier constituted past relevant work. [AR at 19.] Plaintiff argues in the Joint Stipulation that the issue in this case "turns on earnings," i.e., she would be determined to be disabled if she had no past relevant work. [JS at 5.] Based on the earnings query statements requested by the ALJ for each of the years from 1998 to 2012 and the detailed statements requested by the ALJ for the years from 2002 to 2012 [see AR at 157-80], plaintiff contends that the evidence demonstrates that she did not work at the level of substantial gainful activity for any

6

year during the relevant 15-year period, other than for "the problem" year of 2001. [JS at 8.] Plaintiff admits that in 2001 the earnings statement shows that she earned $13,627.02 [JS at 5], which averages above the $740 per month earnings that was the threshold to be considered as substantial gainful activity in that year. [JS at 5-8.] Plaintiff notes that although she has the burden of proof that she cannot perform her past relevant work, she appeared at the hearing without representation; the ALJ had the responsibility to "scrupulously and conscientiously probe into the relevant facts"; the ALJ ran a detailed earnings query for the years 2002 to 2012,[4] but, despite his duty, did not run such a query for 2001. [See JS at 8-9.] Neither did the ALJ consider or further explain his legal conclusion -- that plaintiff could perform her past relevant work as a cashier and as a fast food worker -- by discussing which jobs in which years satisfied the legal requirements of past relevant work. [JS at 9.] Therefore, plaintiff argues, "[a] question about the earnings in 2001 remains open," and the matter should be remanded for further proceedings "to address the question of substantial gainful activity for a particular occupation in 2001." [Id.]

Defendant counters that substantial evidence supports the ALJ's finding that plaintiff had past relevant work as a fast food worker and cashier and, because plaintiff does not contest the ALJ's finding that she retained the RFC to perform her past relevant work, plaintiff has not met her burden of showing that she cannot perform that work. [JS at 10.] Defendant argues that because the VE testified that plaintiff had past relevant work as a fast food worker and cashier, that testimony constituted substantial evidence upon which the ALJ could rely. [Id.] Defendant also argues that by her own "admission," as reported by plaintiff in her "Work History Report," in 2001 plaintiff worked 8 hours a day, 6 days per week at Target as a cashier, earning $6.25 per hour [JS at 11 (citing AR at 191, 204)], or approximately $1,200.00 per month -- enough to constitute

---

[4] Plaintiff notes that the earnings queries for 2002-2012 fail to show: (1) that she worked at McDonald's at the level of substantial gainful activity required during any of the years she worked for that company; (2) that any of her other positions during those years included job functions as either a cashier or fast food worker; (3) that she could perform the duties of the other jobs she had during those years given her RFC; (4) that she averaged enough pay during any those years to constitute substantial gainful activity with any of her employers separately; or (5) that in any given year she earned an amount to constitute substantial gainful activity in one line of work -- i.e., fast food worker or cashier, even if that work was done for multiple employers. [JS at 5-8.]

substantial gainful activity in that year. [Id.] Defendant contends that although the ALJ did not request a detailed earnings report for 2001, because plaintiff had the burden to prove she could not perform her past relevant work, and because she admitted that in 2001 she worked at Target for 48 hours a week earning $6.25 per hour, meeting the threshold for substantial gainful activity that year, plaintiff did not meet her burden and no further development of the record is necessary. [JS at 12.] Defendant also argues that plaintiff admitted that as of the date of the hearing she had been working at McDonald's for eight years and although she currently worked only 10-12 hours per week, she testified that in the past she had worked as much as 62 hours a week. [Id. (citing AR at 29-30).] Defendant submits that working at the rate of 62 hours per week at an hourly salary of $8.54 means that plaintiff earned "over $2,000 for a month" -- enough to constitute substantial gainful activity. [JS at 13.] Defendant concludes that because plaintiff worked at McDonald's for eight years, "sometimes at a full-time, clearly [substantial gainful activity] level, and because she knew how to do the work, performed it satisfactorily enough to remain at the same job for eight years, and reduced her hours below the presumptive [substantial gainful activity] level only because she took another job on the side, substantial evidence supports a finding that Plaintiff had past relevant work as a fast food worker." [JS at 14.]

Plaintiff responds that defendant's speculation "that the earnings data for any year amounts to substantial gainful activity when the Social Security Administration has that evidence in its possession does not satisfy the requirement for substantial evidence." [JS at 15.] She notes that defendant's calculations for plaintiff's work at McDonald's fail to account for the fact that she worked for multiple employers during that time, and there is no evidence that she performed the same *occupation* for multiple employers simultaneously. [Id.] She argues that the work she performed in 2001, as well as in 2002 and 2007-2010, amounts to substantial gainful activity "only if [plaintiff] had one occupation for one or more employers."[5] [JS at 16.] Because the ALJ "never

---

[5] Plaintiff testified at the hearing, and indicated in her Work History Report, that in 2001 she worked at her college as a laboratory technician for 6 hours a day, 4 days a week, and as a librarian for 3 hours a day, 3 days a week. [See AR at 40, 43, 191, 201, 206, 207.] Plaintiff's Work History Report indicated she had performed the lab technician job from 2001 to 2003. [AR at 191.] She
(continued...)

8

made the findings that would cast any particular occupation as substantial gainful activity for any discrete period of time -- averaged over the months worked in a calendar year -- for any single occupation," the ALJ's decision lacks the support of substantial evidence. [Id.]

In considering the ALJ's decision, the Court is "constrained to review the reasons the ALJ asserts," Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. Nov. 3, 2015) (citation omitted), and cannot consider post hoc reasoning by defendant, or even the evidence upon which the ALJ could have relied. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (noting that a reviewing court "is constrained to review the reasons the ALJ asserts" and finding error where the court affirmed the ALJ's decision "based on evidence that the ALJ did not discuss") (citing Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)). In short, defendant's speculative arguments regarding whether plaintiff's occupations as cashier and fast food worker were performed at the level of substantial gainful activity in any of the relevant years were not conclusions reached *by the ALJ*, and therefore, are unpersuasive. Although plaintiff's income for 2001 may create a presumption that she engaged in substantial gainful activity in that year, the ALJ is not relieved of his duty to fully and fairly develop the record. Lewis, 236 F.3d at 516. Here, the record contains inconsistent and/or ambiguous information about how long plaintiff worked as a cashier at Target, and how much of her 2001 earnings were attributable to that position.[6] The inclusion of detailed income information for plaintiff's work history from 2002 to 2012 suggests that the Administration has ready access to the necessary evidence. The ALJ failed to resolve the ambiguities in the record regarding plaintiff's work as a cashier in 2001, and to make findings to support his determination

---

[5](...continued) testified at the hearing that she could not remember how may hours a week she worked as a lab technician and that she worked as a librarian for about three months. [AR at 43.] Thus, some of the reported earnings reflected in the 2001 earnings report may be attributable to these positions, as well as to her work at Target.

[6] Moreover, the fact that plaintiff testified that she worked a certain number of hours per week for a period of time in the past does not show that she could work those numbers of hours per week on a sustained basis. See Lewis, 236 F.3d at 516 (the ALJ must inquire whether the claimant has the RFC for work activity *on a regular and continuing basis*) (citing 20 C.F.R. §§ 404.1545, 416.945).

that plaintiff's previous work as a cashier and as a fast food worker were performed at the level of substantial gainful activity at any time.

**VI.**

**REMAND FOR FURTHER PROCEEDINGS**

The Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See Benecke, 379 F.3d at 593-96.

Under the circumstances in this case, the Court finds remand to be appropriate. In light of plaintiff's lack of representation at the hearing, as well as the ambiguities in the record regarding plaintiff's earning history, the matter will be remanded so that the ALJ can clarify his findings as to which jobs in which years plaintiff performed at the level of "substantial gainful activity" and satisfied the legal requirements of past relevant work. If the ALJ again determines that plaintiff's past work as a cashier and/or as a fast food worker properly constitutes past relevant work, then the ALJ must make the findings of fact required by Social Security Ruling 82-62 to determine whether plaintiff can return to her past relevant work.

/
/
/
/
/
/
/

## VII.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: January 22, 2016

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE